IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO
ex rel, MATTHEW LENTE,
and MATTHEW LENTE,

                Plaintiffs,

    vs.                                 CIVIL NO.  12-997 MV/LFG

TIM STEUDLE, dba Sandia
Decorating; CRAIG SWAGERTY,
KAREN BRANDT, SUSAN
REBMAN, MICHAEL KNIGHT,
in their individual capacities; and
STATE OF NEW MEXICO as the
owner and operator of Expo New Mexico,

                Defendants.

## **REPORT AND RECOMMENDATION**[1]

THIS MATTER is before the Court on Plaintiffs' Motion for Remand of Claims Against Steudle and State of New Mexico [Doc. 10].[2]  The Court considered the Response [Doc. 13] and Reply [Doc. 21].  Oral argument is not necessary.  For the reasons hereafter stated, the undersigned referral Magistrate Judge recommends that the Motion for Remand be DENIED.

Plaintiffs, State of New Mexico ex rel, Matthew Lente , and Matthew Lente, individually and as owner of Lente Painting, originally filed this lawsuit in State District Court against Defendant

---

[1]Within fourteen (14) days after a party is served with a copy of this analysis and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such analysis and recommendation.  A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the analysis and recommendation.  If no objections are filed, no appellate review will be allowed. *See, e.g.,* Wirsching v. Colorado, 360 F.3d 1191, 1197 (10th Cir. 2004) ("firm waiver" rule followed in Tenth Circuit holds that a party who fails to object to magistrate judge's findings and recommendations in timely manner waives appellate review of both factual and legal questions).

[2]On November 2, 2012, the District Court Judge entered an Order of Reference, directing the undersigned Magistrate Judge to recommend an ultimate disposition of the motion. [Doc. 12.]

Tim Steudle, d/b/a Sandia Decorating, asserting violations of the New Mexico Fraud Against Tax Payers Act, NMSA 1978 § 44-9-1, *et seq.*

> A person may bring a civil action for a violation of Section 3 of the Fraud Against Taxpayers Act, 44-9-3 NMSA 1978, on behalf of the person and the state.  The action shall be brought in the name of the state.

Thereafter, while still in State District Court, the Complaint was amended to assert a claim that individual Expo New Mexico Defendants and the State of New Mexico, as owner and operator of Expo New Mexico, violated Plaintiff Lente's ("Lente") rights of equal protection, as guaranteed by the Fourteenth Amendment to the United States Constitution. [Doc. 1, Ex. A.]  Lente seeks, *inter alia*, an award of monetary damages.

Based on Lente's assertion of constitutional claims, Expo New Mexico Defendants removed the Amended Complaint to federal district court pursuant to 28 U.S.C. §§ 1441 and 1332. [Doc. 1.] Subsequent to removal to federal court, Lente filed a motion to remand[3] claims against Steudle and the State of New Mexico pursuant to 28 U.S.C. § 1447 and 28 U.S.C. § 1441(c)(2), which provides that a court may remand claims not within its original or supplemental jurisdiction.  Contending that the State of New Mexico enjoys Eleventh Amendment Immunity, and, therefore, cannot be sued in federal court, Lente asks that the claims brought against the State of New Mexico be severed and remanded to the New Mexico State District Court.  Should the Court agree to sever and remand the federal claims, Lente further asks that the federal court decline jurisdiction over the statutory Fraud

---

[3]Plaintiffs' motion for remand states that they seek to remand "part of this case" to State Court and that certain claims should be severed. [Doc. 10, at 1, 2 ¶ 5.] Plaintiffs' reply in support of remand identifies the motion as a motion for partial remand. [Doc. 21, at 1.] However, it appears that Plaintiffs seek to remand all claims against Defendant State of New Mexico and then request that the Federal District Court decline supplemental jurisdiction over the statutory state law claim.  Thus, the request is actually a motion to remand the entire case to State Court.

Against Taxpayer's claim. [Doc. 10, ¶ 13.]  The State[4] responds that by Defendants' removal to federal court, the State waives Eleventh Amendment immunity.  The State further notes that as owner and operator of Expo New Mexico, it waives the protections granted by the Eleventh Amendment and expressly consents to the federal court's jurisdiction. [Doc. 13, ¶ 10.]

In his reply, Lente expresses concern that Garcia v. Rodey, Dickason, Sloan, Akin & Robb, 106 N.M. 757, 760 (1988), stands for the proposition that a party's earlier representation that it would not raise immunity as a bar to litigation was deemed ineffective to waive immunity.  [Doc. 21, p. 2].  Thus, Lente posits that the State may subsequently change its mind as occurred in Garcia, and assert immunity at a later date.  To avoid this, Lente wants the case sent back to State Court.

## Immunity

The Eleventh Amendment to the United States Constitution states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another state or by Citizens or subjects of any foreign state."  *See, e.g.,* Steadfast Ins. Co. v. Agric. Ins. Co., 507 F.3d 1250, 1252 (10th Cir. 2007) ( "Eleventh Amendment immunity's primary purpose is to accord states the respect owed them as joint sovereigns.")

This case is not prosecuted against the State of New Mexico by a citizen of another state.  *See* First Amended Complaint [Doc. 1, Ex. A, at 1.]  However, the United States Supreme Court in Port Auth. Trans.-Hudson Corp. v. Feeney, 495 U.S. 299, 304 (1990), determined that Eleventh Amendment immunity also bars federal courts from hearing suits brought by citizens of the state being sued.  Such is the case here.  Because Lente seeks to sue the State of New Mexico and the

---

[4]While it appears only the Expo New Mexico Defendants removed this case to federal court [Doc. 1], the same attorneys represent all Defendants.  Moreover, Defendants' response to the motion for remand includes the State of New Mexico. [Doc. 13.]

3

case is now before the federal court, claims against the State would be barred by the State's Eleventh Amendment immunity. *See, e.g.*, Tarrant Reg'l. Water Dist. v. Sevenoaks, 545 F.3d 906, 911 (10th Cir. 2008) ("The Eleventh Amendment has been interpreted to bar suits against states and state agencies for money damages in federal court.")

### Exceptions

There are two exceptions to a state's immunity:  "(1) if Congress abrogates the state's immunity in the exercise of its power of enforcement under § 5 of the Fourteenth Amendment; or (2) if the state voluntarily waives its immunity."   Ward v. Presbyterian Healthcare Serv., 72 F.Supp.2d 1285, 1290 (D.N.M. 1999) (internal citations and quotations omitted).  When a state voluntarily waives its immunity, there is no bar to a federal court entertaining the lawsuit.

Here, Defendants removed the case to federal court, and invoked federal jurisdiction.  Such conduct constitutes a voluntary waiver of immunity.  In Lapides v. Bd. of Regents of the Univ. System of Georgia, 535 U.S. 613 (2002), the high court determined that, "removal is a form of voluntary invocation of a federal court's jurisdiction sufficient to waive the State's otherwise valid objection to litigation of a matter . . . in a federal forum." Id. at 623.  Thus, when an attorney is authorized to represent the state and can bind the state to the federal court's jurisdiction by removal, it will constitute waiver of immunity.  Id.  *See also* Bragg v. Office of the Dist. Atty., Thirteenth Judicial Dist., 704 F. Supp. 2d 1032, 1063 (D. Colo. 2009) ("to waive sovereign immunity, a state must voluntarily invoke the jurisdiction of the federal courts, *e.g.*, remove a case from state court, or make a 'clear declaration' that it intends to submit itself to federal jurisdiction") (*citing* College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 675-76 (1999).

The sole remaining question is what occurs when the State of New Mexico, normally represented by the Attorney General, is represented by a private attorney?  Does a private attorney,

defending an action on behalf of the State of New Mexico, have the authority to waive the State's immunity?

Judge Browning faced the same issue in <u>Abreu v. New Mexico Children, Youth and Families Dep't.</u>, 646 F. Supp. 2d 1259, 1264-65 (D.N.M. 2009). The Court concluded, in <u>Abreu</u>, that an attorney who was authorized to represent State agency or official defendants could waive Eleventh Amendment immunity by removing the case to federal court. Such is the case here. Defendant State, through its authorized private counsel, removed this case to federal court, and therefore, waived the State's Eleventh Amendment immunity.

Lente argues that the <u>Garcia</u> case raises questions concerning the validity of the State's waiver. The Court does not share those concerns. In <u>Garcia</u>, the New Mexico Supreme Court noted that a school board's attorney did not have authority to waive immunity. <u>Id.</u> (*citing* NMSA 1978, § 41-4-13 to 25 (Repl. Pamp.) and <u>Garcia v. Bd. of Educ. of Socorro Consol. Sch. Dist.</u>, 777 F.2d 1403, 1407 (10th Cir. 1985)).

We are not faced with the same question here. Because the State of New Mexico, by allowing private attorneys to represent its interests, the private attorney representing the State has the requisite authority to waive the State's immunity. Implicit in granting an attorney authority to act, and in the absence of a limitation on that authority, the private attorney stands in the shoes of the Attorney General. If the State, by way of contract with private counsel or the Legislature through statutory enactment wanted to impose limits on private counsel, they could easily have done so through passing additional legislation.

Finally, if Defendants' act to remove this case to federal court was somehow insufficient to constitute a waiver of immunity, Defendants, in their opposition to remand, made a "clear declaration" of their intent to submit to federal court jurisdiction.

> The State of New Mexico, as owner and operator of Expo New
> Mexico, hereby waives the protection granted by the Eleventh
> Amendment of the United States Constitution and consents to this
> court's jurisdiction over it in the above captioned cause of action.

[Doc. 13, ¶ 10].  This is, indeed, an "unequivocal intent to waive immunity" and an intent "to be

bound by any judgment of this court."  *See* Guttman v. Khalsa, 669 F.3d 1101, 1110-1111 (10th Cir.

2012).

The Court concludes that Lente's addition of constitutional claims authorized the removal

of this lawsuit to federal court pursuant to 28 U.S.C. §§ 1441 and 1332.  Further, while the State

would normally enjoy immunity from this litigation in a federal forum, Defendants' removal to

federal court, along with its clear declaration of intent to submit to federal court jurisdiction,

constitute a waiver of Eleventh Amendment immunity.

### Recommendation

Based on the foregoing, I recommend that Plaintiffs' Motion for Remand be DENIED, with

the result that the entire case remains before this Court.

*Lorenzo F. Garcia*

Lorenzo F. Garcia
United States Magistrate Judge